# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **MALIK AL-SHABAZZ,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:22CV00429 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **J. C. STREEVAL,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Respondent. | ) | |

*Malik Al-Shabazz, Pro Se Petitioner*.

Petitioner filed the a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging a prison disciplinary proceeding. The case is presently before me on Petitioner's motion seeking interlocutory injunctive relief. After review of the record, I will deny the motion.

Petitioner titles his motion as seeking "Temporary Injunctive Relief." Mot. 1, ECF No. 7. He alleges that prison officials have retaliated against him because of this habeas action. The underlying § 2241 claim contends that Petitioner was wrongfully charged and sanctioned for misuse of texting on his electronic device. In the instant motion, Petitioner alleges that the same officer who previously charged him for misuse of texting earlier in 2022 brought an additional charge against Petitioner on October 7, 2022, for similar conduct. The officer then allegedly

notified the warden, who ordered that Petitioner's email and phone be "cut off." *Id.* at 2. Petitioner's motion asks the court to order "the Respondents not to harass nor beat or assault Petitioner" and "to stop writing Petitioner up for text services until a ruling is made by the court." *Id.*

A party seeking interlocutory injunctive relief must state facts clearly showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Each of these four factors must be satisfied. *Id.* Petitioner fails to identify any facts showing that he is likely to suffer irreparable harm if the court fails to intervene in the manner he has requested. Moreover, the record indicates that Petitioner is now aware of a Notice issued to inmates in May 2016 expressly notifying them that "using third party vendors to forward messages" is not a permitted use of their electronic devices and will result in a disciplinary charge. Suppl. Pet. Attach., ECF No. 4-1. Petitioner is advised to comply with the Notice or face potential consequences of violating its directive.

In accordance with the foregoing, it is hereby **ORDERED** as follows:

1. Petitioner's motion seeking interlocutory injunctive relief, ECF No. 7, is DENIED; and

2. Petitioner's "Affidavit," ECF No. 9, is CONSTRUED AND GRANTED as a Motion to Supplement his § 2241 Petition. Petitioner is advised that documents presented to the court should be accompanied by a motion seeking appropriate consideration of that document, such as a motion asking for the document to be considered in support of his § 2241 petition.

ENTER: November 7, 2022

/s/ JAMES P. JONES
Senior United States District Judge